JOHN W. HART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3916. Promulgated June 7, 1927.

March 1, 1913, value of 197½ acres of land determined to have been $275 an acre.

*D. Logan Giffin, Esq.*, and *LeRoy L. Bacchus, Esq.*, for the petitioner.

*Thomas P. Dudley, Jr., Esq.*, for the respondent.

The Commissioner determined deficiencies in income tax aggregating $657.03 for the calendar years 1920 and 1921. He determined that 197½ acres of land and coal rights sold by petitioner in 1920 for $325 an acre had on March 1, 1913, a fair market value of $250 an acre. Petitioner claims that the fair market value of this land and the coal rights on March 1, 1913, was $275 an acre.

### FINDINGS OF FACT.

Petitioner is a resident of Auburn, Ill. In 1890 he purchased 203½ acres of farm land near the City of Auburn on which was located a dwelling house and the necessary farm buildings.

Between 1904 and 1913 petitioner expended $2,030 in draining and otherwise improving the farm. Since 1904 this land bordered on the northwest limits of the City of Auburn and was underlaid with a seam of coal 7 to 8 feet in thickness. In 1904 petitioner platted

a portion of this property into city lots 60 by 147 feet. The inside lots were sold for $225 and the corner lots for $250 each. About the same time he platted a second addition, a part of which he sold at $450 an acre. In all 6 acres were sold from the two subdivisions, leaving 197½ acres.

In 1913 or 1914 a coal-operating company, engaged in the mining of coal about one-half mile north of petitioner's property, offered to pay him $75 an acre for the coal rights underneath his farm of 197½ acres. Petitioner declined to accept this offer. All of the 197 acres consisted of fertile farm land. In 1912 the coal rights beneath certain land similar to the land owned by petitioner and located one-half mile south of the active mining operations sold for $50 an acre. Subsequently in 1913 or 1914 the owner of this land, although it did not adjoin the city limits of Auburn and was not therefore as valuable as petitioner's property for subdivision purposes, sold the surface rights for $275 an acre. Another farm of about 80 acres, comparable to the land owned by petitioner and located one-half mile west of the city limits of Auburn, was sold in 1915 for $265 an acre. The fair market value of petitioner's 197½ acres of land, together with the mineral rights, on March 1, 1913, was $275 an acre.

### OPINION.

LITTLETON: The only issue in this proceeding is the value on March 1, 1913, of petitioner's 197½ acres of land and the mineral rights.

Petitioner is a man beyond 84 years of age and has been familiar with farm lands in the vicinity of Auburn practically all of his life. He testified that the fair market value of the 197½ acres of land and the coal rights on March 1, 1913, was $275 an acre. Two other witnesses who were familiar with land values in that vicinity in 1913 testified that this property, considering the mineral rights and its availability for subdivision purposes, was well worth $275 an acre on March 1, 1913. One of these witnesses was the owner of certain land one-half mile from the city limits of Auburn, and comparable in fertility and in mineral contents to the land of petitioner. In 1912 he sold the mineral rights in his land for $50 an acre and surface rights in 1914 for $265 an acre.

The Board is of the opinion that the evidence submitted fully sustains petitioner's claim that the 197½ acres of land had on March 1, 1913, a fair market value of $275 an acre, and we have so found.

*Judgment will be entered on 15 days' notice, under Rule 50.*